IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
AUG 18 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                       CRIMINAL NO. 3:15cr67HTW-FKB

IRB BENJAMIN                             18 USC § 1349
                                         18 USC § 666(a)(2)

**The Grand Jury charges:**

At all times relevant to this indictment:

1. The Mississippi Department of Corrections (MDOC) was a state government agency as that term is defined in Section 666(d), Title 18, United States Code, and which received benefits in excess of $10,000 annually between 2007 and 2014 under Federal programs providing Federal assistance to MDOC.

2. Mississippi Correctional Management (MCM) was under contract with the State of Mississippi to provide alcohol and drug treatment services to inmates at Mississippi Department of Corrections (MDOC) Correctional Work Center (CWC) facilities in Alcorn County, Mississippi, and in Simpson County, Mississippi.

3. The total value of the contract between the State of Mississippi and MCM for alcohol and drug treatment contracts was $774,000.00.

4. MCM was under contract with Alcorn, Washington and Chickasaw Counties to provide consulting services to ensure each of the Regional Correctional Facilities could meet American Correctional Association accreditation standards during the construction of the respective facilities, and to ensure that each facility maintained the accreditations during their subsequent operations.

5. MCM was paid about $399,260.00 as a result of its contract with Alcorn County.

6. MCM was paid about $245,080.00 as a result of its contract with Washington County.

7. MCM was paid $217,900.00 as a result of its contract with Chickasaw County.

8. The defendant, **IRB BENJAMIN**, was the owner of MCM.

9. Beginning in or about April 2014, Carter Gobal Lee Facility Management (CGL) was under contract with MDOC to provide maintenance services to MDOC Regional Correctional Facilities.

10. The defendant, **IRB BENJAMIN**, was employed by CGL as a consultant.

11. The total value of the contract between the State of Mississippi and CGL for maintenance services was $4,800,000.00.

12. CHRISTOPHER B. EPPS was the commissioner of the MDOC.

## COUNT 1

13. The allegations contained in paragraphs one through twelve of this indictment are realleged and incorporated herein by reference as though fully set forth herein.

14. From in or about 2010, and continuing until at least August 27, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **IRB BENJAMIN**, did knowingly and intentionally combine, conspire, confederate, and agree with CHRISTOPHER B. EPPS, to commit one or more of the following offenses: to devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Corrections and the State of Mississippi and its citizens of their intangible right to CHRISTOPHER B. EPPS's honest services, through bribes and kickbacks, by use of interstate wire transmissions, in violation of Sections 1343 and 1346, Title 18, United States Code.

15. It was the object of the conspiracy that defendant **IRB BENJAMIN** would bribe or provide kickbacks to CHRISTOPHER B. EPPS, in exchange for the awarding and the retention

of contracts to **BENJAMIN** and MCM for alcohol and drug treatment services at MDOC facilities; the exercise of CHRISTOPHER B. EPPS'S influence in Alcorn, Washington and Chickasaw counties with regard to MCM obtaining consulting contracts relating to the respective Regional Correctional Facilities built and operated in those counties; and obtaining employment with CGL as a consultant.

16. In furtherance of the conspiracy and to carry out its objectives, the following acts, among others, were committed:

17. Beginning in 2010, the defendant, **IRB BENJAMIN**, began regularly providing CHRISTOPHER B. EPPS with cash payments in varying amounts, generally $1,000.00 to $2,000.00 per payment, in exchange for CHRISTOPHER B. EPPS using his influence as commissioner of MDOC to benefit **BENJAMIN** and his company, MCM, financially.

18. Beginning in 2010, and continuing until June 24, 2014, the defendant, **IRB BENJAMIN**, routinely paid cash bribes to CHRISTOPHER B. EPPS in varying amounts, which **BENJAMIN** had obtained through the contract between MCM and MDOC for providing alcohol and drug treatment services at MDOC facilities in Alcorn and Simpson counties.

19. That from in or about April, 2014, until in or about June 24, 2014, the defendant, **IRB BENJAMIN**, was paid $2,000.00 per month by CGL, $600 of which **BENJAMIN** paid to CHRISTOPHER B. EPPS each month.

All in violation of Sections 1349 and 2, Title 18, United States Code.

## COUNT 2

20. The allegations contained in paragraphs one through nineteen of this indictment are realleged and incorporated herein by reference as though fully set forth herein.

21. On or about August 27, 2014, in Hinds County, in the Northern Division of the Southern

District of Mississippi and elsewhere, the defendant, **IRB BENJAMIN**, did knowingly and corruptly give, offer, or agree to give something of value to CHRISTOPHER B. EPPS, with intent to influence or reward CHRISTOPHER B. EPPS in connection with the business, transaction, or series of transactions of the Mississippi Department of Corrections, involving something of value of $5,000.00 or more, that is, the awarding and the retention of contracts to **BENJAMIN** and MCM for alcohol and drug treatment services at MDOC facilities in Alcorn and Simpson counties.

All in violation of Sections 666(a)(2), and 2 Title 18, United States Code.

## COUNT 3

22. The allegations contained in paragraphs one through twenty one of this indictment are realleged and incorporated herein by reference as though fully set forth herein.

23. That from in or about April, 2014, until in or about September, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **IRB BENJAMIN**, did knowingly and corruptly give, offer, or agree to give something of value to CHRISTOPHER B. EPPS, with intent to influence or reward CHRISTOPHER B. EPPS in connection with the business, transaction, or series of transactions of MDOC, involving something of value of $5,000.00 or more, that is, the defendant, **IRB BENJAMIN**, was paid $2,000.00 per month by CGL, $600 of which **BENJAMIN** paid to CHRISTOPHER B. EPPS each month in return for EPPS assisting **BENJAMIN** obtain employment with CGL as a consultant.

All in violation of Sections 666(a)(2), and 2 Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

24.  As a result of committing the offense alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(A) & (C), Title 18, United States Code and Section 2461, Title 28, United States Code.

HAROLD BRITTAIN
Acting United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the _18_ day of August, 2015.

UNITED STATES MAGISTRATE JUDGE